UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BURGERFI INTERNATIONAL,
LLC,

                **Plaintiff,**

            v.

THE NEW YORK BAKERY OF
SYRACUSE, INC.,

                **Defendant.**
_____

                        **5:20-cv-1353
                        (GLS/TWD)**

## SUMMARY ORDER

      This suit arises out of the alleged failure of defendant The New York Bakery of Syracuse, Inc. (hereinafter "the Bakery"), to make required payments in the amount of $99,076.28 to plaintiff BurgerFi International, LLC. (Compl., Dkt. No. 1.) These outstanding payment obligations were to be made pursuant to an agreement entered into between the two parties. (*Id.*)

      BurgerFi commenced this action against the Bakery alleging claims of breach of contract, account stated, and unjust enrichment/quantum meruit. (*Id.*) The Bakery failed to timely answer the complaint, resulting in the Clerk of the Court entering default against the Bakery on December 3,

2020.  (Dkt. No. 6.)  Now pending is BurgerFi's unopposed motion for default judgment against the Bakery, as well as a request for attorneys' fees and costs.  (Dkt. No. 8.)

### A. Motion for Default Judgment

As the Bakery has defaulted, and BurgerFi's claim is for a sum certain, BurgerFi is entitled to judgment in the amount of $99,076.28.  *See* Fed. R. Civ. P. 55(b)(1).

### B. Request For Attorneys' Fees and Costs

BurgerFi seeks $5,468.75 in attorneys' fees, and $533.80 in costs, for a total of $6,002.55, and submits supporting documentation.  (*See generally* Dkt. No. 10.)  BurgerFi's counsel billed at a rate of $475 per hour for work performed by a partner with more than eight years of experience, and a rate of $400 for work performed by the firm's "of counsel" attorney with approximately five to six years of experience.  (*Id.*)

In determining whether claimed attorneys' fees are appropriate, courts use the lodestar method: the product of a reasonable hourly rate and the hours reasonably spent on the case.  *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Miller v. City of Ithaca*, No. 3:10-cv-597, 2017 WL 61947, at *2 (N.D.N.Y. Jan. 5, 2017).  There is a

"strong presumption" that the lodestar represents the appropriate award. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010).  In determining whether an attorney's requested hourly rate is reasonable, the court should consider what "a reasonable, paying client would be willing to pay," which varies by practice area and location.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008).  Generally, in calculating the lodestar, the district court relies on the prevailing hourly rate from the district in which it sits.  *See id.* at 191; *Miller*, 2017 WL 61947, at *2 ("The court is . . . within its discretion to rely on its knowledge of the relevant market when determining the reasonable hourly rate." (internal quotation marks and citation omitted)).

"Cases in this district have found reasonable rates to generally be $275-$350 for experienced partners, $165-$200 for junior associates, and $90 for paralegals."  *See Car Freshner Corp. v. Scented Promotions, LLC*, No. 5:19-CV-1158, 2020 WL 5757475, at *8 (N.D.N.Y. Sept. 28, 2020) (citing *Johnson v. Mauro*, 16-CV-0622, 2019 WL 5842765, at *5 (N.D.N.Y. Nov. 7, 2019) (collecting cases)).

As such, the court adopts the following rates, which reflect those that

have generally been found to be reasonable in this District: $300 per hour for the partner's work, and $200 per hour for the of counsel attorney's work.  *See N.Y.S. Teamsters Conference Pension & Ret. Fund v. E. Reg'l Contracting, Inc.*, No. 5:19-CV-165, 2020 WL 4047895, at *5 (N.D.N.Y. July 20, 2020); *Car Freshner Corp.*, 2020 WL 5757475, at *8; *CIT Bank, N.A. v. Fox*, No. 3:18-cv-154, 2019 WL 6134154, at *3-4 (N.D.N.Y. Nov. 19, 2019).

Based on the contemporaneous time records submitted by BurgerFi's counsel, they expended the following amounts of time during the period between October 21, 2020 and December 16, 2020, which appears reasonable: (a) ten hours by the partner; and (b) .25 hours by the firm's of counsel.[1]  (Dkt. No. 10 at 5-9.)  Applying the reasonable rates found above, the total presumptively reasonable fee is $3,050.

Counsel additionally seeks recovery of costs incurred for the filing fee

---

[1] Upon review of the billing records, it appears that a total of 11.75 hours by counsel was spent on this litigation, 11.5 of which were charged to the client.  (Dkt. No. 10 at 5-9.)  However, counsel requests fees for only ten hours by the partner, and .25 by the firm's of counsel.  (*Id.* at 2.)  Therefore, the court will consider only the hours that were specifically sought for attorneys' fees.

and process server fee in the amount of $533.80.[2]  (*Id.*)  These costs are generally recoverable and reasonable, and are supported by the provided documentation.  *See Car Freshner Corp.*, 2020 WL 5757475, at *10.

Accordingly, it is hereby

**ORDERED** that BurgerFi's motion for default judgment (Dkt. No. 8) is **GRANTED** and it is entitled to judgment in the amount of $99,076.28; and it is further

**ORDERED** that BurgerFi's request for attorneys' fees and costs (Dkt. No. 8) is **GRANTED** to the following extent: attorneys' fees in the amount of $3,050 and costs in the amount of $533.80 are imposed upon the Bakery; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 21, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[2]  BurgerFi has not sought reimbursement of its mailing and postage fee costs.  (Dkt. No. 10 at 8.)